IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-73,452-01






EX PARTE RAFAEL RAMIREZ, JR., Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 07-CR-1020-A IN THE 107TH DISTRICT COURT


FROM CAMERON COUNTY






 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of sexual assault and
sentenced to twenty years' imprisonment. The Thirteenth Court of Appeals dismissed his appeal.
Ramirez v. State, No. 13-09-00224-CR (Tex. App.-Corpus Christi 2009, no pet.).

 Applicant contends, among other things, that counsel at the adjudication of guilt stage was
ineffective for not presenting evidence that the complainant had been granted permission to marry
Applicant and for not objecting when Applicant was sentenced without a punishment hearing. In his
memorandum of law, Applicant specifically contends that evidence that the complainant had been
granted permission to marry him could have been presented as mitigating evidence at punishment
after he had been adjudicated guilty.

 On June 9, 2010, we remanded this application and directed the trial court to determine
whether counsel's performance was deficient and whether Applicant was prejudiced. We also
directed the trial court to determine whether the complainant had been granted permission to marry
Applicant. On remand, counsel, Nathaniel Perez, filed a sworn affidavit in response to Applicant's
claims. The trial court then made findings of fact and conclusions of law and recommended that we
deny relief. 

 We believe that the record is not sufficient to resolve Applicant's claims. The trial court
made no findings as to whether the complainant had been granted permission to marry Applicant and
why counsel did not object when Applicant was sentenced without a punishment hearing. The trial
court also found that evidence that the complainant had been granted permission to marry Applicant
would not have been a defense to the allegations in the motion to adjudicate. We agree. Applicant
contends, however, that this evidence should have been presented at a punishment hearing for
mitigation purposes. Finally, we believe that counsel's affidavit is not sufficient. He stated that he
did not request a punishment hearing because, among other things, Applicant did not have a defense
and pleaded true to the allegations in the motion to adjudicate. Even if Applicant had no defense and
pleaded true to the allegations, he was not precluded from presenting mitigation evidence at a
punishment hearing, as counsel suggests.

 The trial court shall order counsel to file a second affidavit in response to Applicant's claims.
The trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). If the trial
court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is
indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent
him at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make further findings of fact as to whether the complainant was granted
permission to marry Applicant. The trial court shall then determine whether counsel's performance
was deficient and whether Applicant was prejudiced. Specifically, the trial court shall determine
whether counsel was ineffective for not objecting when Applicant was sentenced without a
punishment hearing and for not presenting evidence at a punishment hearing that the complainant
had been granted permission to marry Applicant. The trial court shall also make any other findings
of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's
claims for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 

Filed: September 22, 2010

Do not publish